[Civ. No. 2352.    First Appellate District.—November 24, 1917.]

W. J. HICKOX et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT—INJURY TO PAINTER—ADMEASUREMENT OF COMPENSATION.—Under subdivision 2, section 17, of the Workmen's Compensation Act (Stats. 1913, p. 289), providing that if the injured employee had not worked in such employment during substantially the whole of the immediately preceding year, his average annual earnings shall consist of three hundred times the average daily earnings which an employee of the same class working substantially the whole of such immediately preceding year in the same or a similar kind of employment, in the same or a neighboring place, earned during the days when so employed, an award of compensation made to a painter employed to work for $2.50 per day, for injuries received two days after he was employed, on a basis of $4.50 per day, is not open to review, where there was evidence that $4.50 was the standard wage scale for painters in that locality.

APPLICATION for a Writ of Certiorari to annul an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Barry J. Colding, and Lilienthal, McKinstry & Raymond, for Petitioners.

Christopher M. Bradley, for Respondents.

THE COURT.—W. J. Hickox was a contracting painter engaged in business in the city of Stockton, in the course of which he employed several other painters, to whom he paid a uniform wage of $2.50 a day. The New Amsterdam Casualty Company was the insurer of said Hickox against his liability for compensation of employees under the Workmen's Compensation Act. One R. M. Searle entered the employment of said Hickox on the twenty-fourth day of May, 1917, agreeing to work for $2.50 a day. He had prior to that time been working intermittently in several towns of the San Joaquin Valley and elsewhere, receiving wages ranging from $2.50 a day to $5, but not staying long in any one place or remaining long in any single employment. On May 26, 1917, while in the employment of said Hickox, he fell from a ladder and received an injury to his arm, in consequence of which he made application to the Industrial Accident Commission for compensation.

The evidence taken before the commission showed the foregoing facts, and also showed from the testimony of another contracting painter exclusively engaged in such work in Stockton that the standard wage scale in that city for painters was $4.50 per day. The commission awarded the applicant Searle compensation on the basis of a wage scale of $4.50 per day, and its award in that behalf the petitioners now seek to have reviewed by this court upon the ground that the commission in making said award acted without and in excess of its jurisdiction.

We are of the opinion that it is not within our province to review the award of the commission under the circumstances above stated.

Subdivision 2 of section 17 of the Workmen's Compensation Act reads as follows: "If the injured employee has not so worked in such employment during substantially the whole of such immediately preceding year, his average annual earnings shall consist of three hundred times the average daily earnings, wage or salary which an employee of the same class,

working substantially the whole of such immediately preceding year, in the same or a similar kind of employment, in the same or a neighboring place, earned during the days when so employed." [Stats. 1913, p. 289.]

It would seem that the facts of this case bring it within the rule for the admeasurement of compensation above enunciated; and there being a conflict in the evidence before the commission as to what the wage scale of painters is in the city of Stockton, it had jurisdiction to decide that matter; and with its discretion in that respect we cannot interfere.

The application is denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 21, 1918.